## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN SAMUEL LEIGH,**
        **Petitioner-Defendant,**

**v.**                                          **Civil Action No. 3:15-cv-23**
                                                **Criminal Action No. 3:00-cr-57-25**
                                                **(Judge Groh)**

**UNITED STATES OF AMERICA,**
        **Respondent-Plaintiff.**

## REPORT AND RECOMMENDATION

On March 3, 2015, John Samuel Leigh ("Petitioner"), proceeding *pro se*, filed a Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

(Civil Action No. 3:15-cv-23, Docket No. 1; Criminal Action No. 3:00-cr-57-25, Docket No. 1680.)

The undersigned now issues this Report and Recommendation on Petitioner's motion without

requiring the Government to respond and without holding an evidentiary hearing.  For the reasons

stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's

motion.

## I.    FACTS

### A.    *Conviction and Sentence*

On December 5, 2000, a Grand Jury sitting in the Northern District of West Virginia returned

a multi-count Indictment against Defendant and twenty-four (24) co-defendants.  (Docket No. 1.)[1]

Defendant was charged in Count One with conspiracy to possess with intent to distribute and to

distribute fifty (50) grams or more of cocaine, and in Count Sixty-Three with aiding and abetting the

distribution of cocaine base.  On April 26, 2001, a jury convicted Petitioner of both counts.  (Docket

---

[1] From this point, all docket entries refer to entries in Criminal Action No. 3:00-cr-57
unless otherwise stated.

No. 571.) Petitioner appeared before late United States District Judge W. Craig Broadwater for

sentencing on August 21, 2001. Judge Broadwater sentenced Petitioner to 420 months as to Count

One and 240 month as to Count Sixty-Three, to run concurrently.[2] (Docket No. 807.)

## B.    *Direct Appeal*

On appeal, Petitioner claimed that "there was a fatal variance between the single conspiracy

charged in Count One," constituting a "constructive amendment to the indictment that violated his

Fifth Amendment rights." United States v. Leigh, 62 F. App'x 43, 44 (4th Cir. 2003). He also

claimed that the District Court committed reversible error by denying his request for a "jury

instruction that would have allowed the jury to find either a single conspiracy or multiple

conspiracies." Id. at 45. Third, Petitioner argued that "the verdict form presented to the jury

conflicted with the court's instructions as to the conspiracy, thereby creating ambiguity as to the

actual drug amounts attributed to each of the defendants by the jury." Id. at 46. Finally, he asserted

that the District Court erred in "accepting the drug amounts attributed to him in his Presentence

Report." Id. at 47. The Fourth Circuit affirmed Petitioner's conviction and sentence. Id.

## C.    *First Federal Habeas Corpus*

On March 23, 2014, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.

(Docket No. 1026.) In that motion, Petitioner raised the following claims:

1.    The Government's knowing use of false statements made by key witnesses
      was a denial of due process of law;

2.    Trial counsel was ineffective for failing to impeach the Government's key
      witnesses;

---

[2] On February 3, 2009, United States District Judge John Preston Bailey entered an Order,
pursuant to 18 U.S.C. § 3582(c), reducing Petitioner's term of imprisonment to 384 months.
(Docket Nos. 1339 and 1340.)

3.          Counsel was ineffective due to failing to know the applicable sentencing guidelines and relevant case law and thereby failing to object to apparent inaccuracy in the pre-sentence report;

4.          Appellate counsel was ineffective for failing to raise a relevant conduct issue on appeal;

5.          The District Court erred in sentencing Petitioner to the total amount of alleged drugs involved in the conspiracy;

6.          The two-level enhancement was in error and violated due process; and

7.          Petitioner was sentenced to an unlawful sentence.

(Id. at 3.) The Government filed a response on June 10, 2004 (Docket No. 1034), and Petitioner filed a reply on September 13, 2004 (Docket No. 1053). On June 3, 2005, United States Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R"), recommending that Petitioner's claims be denied on the merits. (Docket No. 1094.) On December 27, 2005, Judge Broadwater entered an Order adopting the R&R and denying Petitioner's motion to vacate. (Docket No. 1148.) Petitioner appealed; however, the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal. United States v. Leigh, 202 F. App'x 597 (4th Cir. 2006). The Fourth Circuit subsequently granted rehearing and concluded that "the district court erroneously concluded that [Petitioner] failed to file timely objections to the magistrate judge's recommendation." However, Petitioner had still failed to make the requisite showing for a certificate of appealability, and his appeal was dismissed. United States v. Leigh, 241 F. App'x 954, 954-55 (4th Cir. 2007).

**D.**      ***Second Federal Habeas Corpus***

In his instant motion, Petitioner raises the following claims:

1.          Petitioner is "actually innocent" of his conviction and sentence, based on newly discovered facts and testimonies from witnesses;

2.       Counsel Patricia H. Stiller "rendered ineffectiveness by laboring under a medical conflict of interest during her representation";

3.       Appellate counsel was ineffective by failing to investigate and interview alibi and Government witnesses and by not raising or providing the correct conversion calculation; and

4.       Petitioner is "actually innocent" of the enhanced sentencing calculation and inaccurate conversion of the cash/food stamps into drugs and grams.

(Docket No. 1680 at 5-10.)

## II.   ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a motion to be considered successive, the first motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

In his motion, Petitioner acknowledges that he filed a previous motion to vacate pursuant to 28 U.S.C. § 2255. (Docket No. 1680 at 3; Docket No. 1680-1 at 2.) He cites United States v. Jones, 758 F.3d 579 (4th Cir. 2014), for his argument that the instant motion is not successive because it contains newly discovered facts that were obtained after he filed his first § 2255 motion. (Docket No. 1680-1 at 2.) However, Petitioner overlooks the first footnote in Jones, where the Fourth Circuit

stated: "Because we hold that Jones's § 2255 motion is time-barred by § 2255(f)(4), we do not reach the question raised by the government of whether it was successive and therefore also barred under 28 U.S.C. § 2255(h)." Jones, 758 F.3d at 581 n.1. Accordingly, Jones provides no support for Petitioner's argument.

In any event, Petitioner overlooks the fact that the appropriate court of appeals must certify a second or successive § 2255 motion when the first motion was dismissed on its merits. Here, Petitioner's first § 2255 motion was clearly dismissed on the merits. Thus, the undersigned finds that Petitioner's instant § 2255 motion is a second or successive motion and that he did not obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion in this Court. Accordingly, pursuant to 28 U.S.C. §§ 2244 and 2255, this Court is without authority to hear Petitioner's instant § 2255 motion. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

### III.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:15-cv-23, Docket No. 1; Criminal Action No. 3:00-cr-57-25, Docket No. 1680) be **DENIED** and **DISMISSED WITH PREJUDICE** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal

from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to provide an electronic copy of this Report and Recommendation to counsel of record and to mail a copy to *pro se* Petitioner John Samuel Leigh by certified mail, return receipt requested.

DATED: March 11, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE