# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JOHN SAMUEL LEIGH**

    Petitioner,

v.                            **CIVIL ACTION NO.: 3:15-CV-23**
                                 **CRIMINAL ACTION NO.: 3:00-CR-57-25**
                                 **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed R&R. Magistrate Judge Kaull issued his R&R on March 11, 2015. [ECF No. 4 in Civil Action No. 3:15-CV-23; ECF No. 1686 in Criminal Action No. 3:00-CR-57-25]. In the R&R, he recommends that the Petitioner's Motion under 28 U.S.C. § 2255 [ECF No. 1 in Civil Action No. 3:15-CV-23; ECF No. 1680 in Criminal Action No. 3:00-CR-57-25] be denied and dismissed with prejudice. For the following reasons, this Court finds that the Petitioner's Motion should be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order.  See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Judge Kaull's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Service of the R&R was accepted at the United States Penitentiary, McDowell, where the Petitioner is currently incarcerated, on March 18, 2015.  Subsequently, the Petitioner timely filed his objections, which the Court received on March 23, 2015.

The Petitioner is serving a sentence of 384 months' incarceration,[1] imposed on August 21, 2001, after a jury found him guilty of conspiring to distribute "crack" cocaine and of aiding and abetting the distribution of the same.  The Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on March 17, 2003.  See United States v. Leigh, 62 F. App'x 43 (4th Cir. 2003) (per curiam) (unpublished).  On March 23, 2004, the Petitioner filed a motion under 28 U.S.C. § 2255, in which he alleged misconduct on the part of the prosecuting attorney, ineffective assistance of trial and appellate counsel, and trial court error.  The Petitioner's motion was denied, on the merits and with prejudice, on December 27, 2005.

The Petitioner filed the instant motion under § 2255 on March 3, 2015.  Magistrate Judge Kaull issued his R&R on March 11, 2015, and the Petitioner timely objected.  The

---

[1] The Petitioner was originally sentenced to concurrent 420 and 240-month terms.  His sentence was reduced to a 384-month term on February 3, 2009, pursuant to 18 U.S.C. § 3582(c).

2

Petitioner's objections to the R&R constitute, for the most part, general objections to the magistrate judge's ultimate recommendation that the Petitioner's motion be denied and dismissed.[2]  Throughout his filing, the Petitioner states that he "objects to the entire report and recommendation."  To the extent the Petitioner seeks to take issue with every detail of the R&R, his general objections are ineffective.  "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Construing the *pro se* Petitioner's filings liberally, the crux of his position is that he should be allowed to bring the instant motion under § 2255, because the one-year period of limitation that applies to § 2255 motions has not yet expired.  See 28 U.S.C. § 2255(f).  According to the Petitioner, he has recently discovered new evidence that indicates that he is actually innocent of his underlying conviction.  The Petitioner contends that new evidence also establishes that his trial and appellate attorneys were ineffective.  Finally, he asserts that he is actually innocent of the sentencing court's "enhanced sentence miscalculation."  In support of these averments, the Petitioner has attached several affidavits as exhibits to his motion.

Pursuant to 28 U.S.C. § 2255(f), the one-year period of limitation that applies to motions under that section shall run from the latest of four events.  One such event is "the

---

[2] An exception is the Petitioner's objection to the magistrate judge's statement that the Petitioner filed his first motion under 28 U.S.C. § 2255 on March 23, 2014.  In fact, the Petitioner filed his first § 2255 motion on March 23, 2004.  This harmless typographical error does not impact the remainder of the R&R.

3

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Petitioner avers that he has only recently discovered new evidence proving his actual innocence and the ineffectiveness of his counsel, and therefore his § 2255 motion should be considered timely.

As the magistrate judge concluded, however, the Petitioner has ignored the fact that his motion constitutes a "second or successive motion" under 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). Pursuant to § 2255(h), a second or successive motion must be certified, as provided in § 2244, by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244(b)(3)(A) provides that, ["b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

The Petitioner does not dispute that he has previously filed a motion under § 2255, which was dismissed on the merits by his sentencing court. Additionally, there is no indication that the Petitioner has obtained authorization from the United States Court of Appeals for the Fourth Circuit. While "not every numerically second petition is a second or successive petition," United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (internal quotation marks omitted) (citing In re Williams, 444 F.3d 233, 235 (4th Cir. 2006)),

4

this Court finds that the instant motion qualifies as such. Therefore, as the Petitioner has not obtained permission to file from the Fourth Circuit, his motion must be dismissed.

Accordingly, the Court finds that Magistrate Judge Kaull's Report and Recommendation [ECF No. 4 in Civil Action No. 3:15-CV-23; ECF No. 1686 in Criminal Action No. 3:00-CR-57-25] should be, and is, **ORDERED ADOPTED IN PART**. The Court does not adopt the magistrate judge's recommendation that the Court deny and dismiss the Petitioner's motion with prejudice. As the Court finds that the Petitioner's motion is an unauthorized second or successive motion under 28 U.S.C. § 2255, the Court **ORDERS** that the Petitioner's Motion [ECF No. 1 in Civil Action No. 3:15-CV-23; ECF No. 1680 in Criminal Action No. 3:00-CR-57-25] be **DISMISSED** without prejudice. The Petitioner's objections are **OVERRULED**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th

Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED**: September 9, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE